IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| RUSSELL NELSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>INTERMOUNTAIN HEALTHCARE,<br><br>                    Defendant. | **MEMORANDUM DECISION & ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT & TEMPORARILY GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Case No.  2:25-cv-00633<br><br>**District Court Judge Ann Marie McIff Allen**<br><br>**Magistrate Judge Dustin B. Pead** |

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) assignment from District Court Judge Ann Marie McIff Allen.[1] Before the court is Plaintiff Russell Nelson's ("Mr. Nelson") pro se complaint.[2] Mr. Nelson has been permitted to temporarily proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens his pleading.[3] Accordingly, the court now screens Plaintiff's complaint and reviews the sufficiency of Mr. Nelson's pleading under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Mr. Nelson to file an amended complaint no later than September 1, 2025.

---

[1] ECF No. 6, Notice of Non-Consent.

[2] ECF No. 1, Complaint.

[3] ECF No. 5, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

1

## BACKGROUND

Mr. Nelson names Intermountain Healthcare located in Saint George, Utah as the Defendant ("Defendant") in this action.[4] Mr. Nelson's pleading, however, does not identify any basis for jurisdiction or the statute under which he proceeds. Rather, the singular allegation in the complaint indicates, on November 2, 2024, Plaintiff "went to the hospital to be treated but the hospital caused [him] brain and heart injury."[5] Mr. Nelson seeks 5 billion dollars in damages as an award for his injuries.[6]

## LEGAL STANDARDS

To review Mr. Nelson's complaint under the authority of the IFP Statute, the court must consider the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted.[7] This legal standard is addressed below.

**1.   Failure to State a Claim**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[8] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of

---

[4] *See generally,* ECF No. 1.

[5] ECF No. 1 at 4.

[6] *Id.* at 5.

[7] Fed. R. Civ. P. 12(b)(6).

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

Civil Procedure 12(b)(6).[9] Under that standard, the court "look[s] for plausibility in th[e] complaint."[10] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[11]

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[12] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15] Rule 8 requires, at least, that the allegations of a complaint put the defendant on fair notice of the claims raised.[16] The twin purposes of a complaint are to give the

---

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[11] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[12] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 557) (alteration in original).

[15] *Id.*

[16] *Twombly,* 550 U.S. at 555.

opposing party fair notice of the basis for the claims so defendant may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[17]

In analyzing Ms. Nelson's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[19] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[20] Indeed, as the Court of Appeals for the Tenth Circuit stated,

[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[21]

---

[17] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[18] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[19] *Id.* at 1110 (citation omitted).

[20] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[21] *Bellmon,* 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give [him] an opportunity to amend."[22]

## ANALYSIS

Plaintiff's complaint is subject to dismissal because he does not state a plausible claim for relief. Nonetheless, the court provides Mr. Nelson with an opportunity to amend his pleading.

**1.   Mr. Nelson's Complaint Fails to State a Plausible Claim for Relief.**

After reviewing Plaintiff's complaint, the court concludes that the factual allegations are conclusory in nature and fail to satisfy the minimum pleading standards under Federal Rule 8(a)(2) and Federal Rule 12(b)(6).[23] Specifically, Mr. Nelson fails to make any specific or intelligible allegations about Defendant's alleged actions and how they harmed him or to indicate what legal right has been violated. Indeed, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[24] As a result, Plaintiff's complaint must be dismissed for failure to satisfy Rule 8's requirements and failure to state a plausible claim.[25] However, as discussed below, the court permits Mr. Nelson to amend his complaint.

---

[22] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[23] Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).

[24] *Allison v. Boulder County Bcso,* 2025 U.S. App. LEXIS 19270, at *4 (10th Cir. July 31, 2025) (citing *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. July 3, 2007)).

[25] *Allison,* at *7 ("But failure to satisfy Rule 8's requirements essentially results in a failure to state a

### 2. The Court Permits Mr. Nelson to Amend His Complaint.

Based upon the foregoing analysis, Mr. Nelson's complaint fails to state a plausible claim for relief. Yet dismissal is proper only "if it is obvious that [he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[26] Accordingly, the court affords Mr. Nelson an opportunity to amend his complaint. Plaintiff may be able to cure these deficiencies with adequate allegations in an amended complaint. Therefore, the court orders Mr. Nelson to submit an amended complaint by September 1, 2025. Once received, the court will address whether Mr. Nelson's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

### CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Nelson is ordered to file an amended complaint by September 17, 2025. The words "Amended Complaint" should appear in the caption of the documents.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915 and DUCivR 3-2(b).

3. Mr. Nelson's failure to file an amended complaint may result in dismissal of this action.

4. Ms. Nelson's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[27]

---

claim upon which relief may be granted.").

[26] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[27] ECF No. 2.

IT IS SO ORDERED

DATED this 27th day of August, 2025.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court