THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| **RUSSELL NELSON,**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**INTERMOUNTAIN HEALTHCARE,**<br><br>        **Defendant.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:25-cv-00633**<br><br>**District Court Judge Ann Marie McIff Allen**<br><br>**Magistrate Judge Dustin B. Pead** |

  This case is referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant's Motion to Dismiss Plaintiff's amended complaint for failure to state a claim.[2] For the reasons set forth below, the court RECOMMENDS that the Motion to Dismiss be GRANTED.

## BACKGROUND

  Plaintiff Russell Nelson initiated this action against Defendant Intermountain Healthcare on August 1, 2025.[3] On August 4, 2025, the court issued an order temporarily granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP) while the court screened his complaint.[4] Thereafter, the court issued a Memorandum Decision outlining the deficiencies in Mr. Nelson's

---

[1] ECF No. 6, Notice of Non-Consent.

[2] ECF No. 19, Motion to Dismiss Amended Complaint.

[3] ECF No. 1, Complaint.

[4] ECF No. 2, Plaintiff's Motion for Leave to Proceed In Forma Pauperis; ECF No. 5, Order.

1

complaint and ordering him to file an amended complaint no later than September 17, 2025.[5] Mr. Nelson timely filed an amended complaint which was served on Defendant.[6]

On October 6, 2025, Intermountain Healthcare filed its pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[7] Mr. Nelson has not responded to the motion for dismissal and the time to do so has now expired.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[8] A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[9] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]

In conducting the analysis of Defendant's Motion to Dismiss, the court is mindful that Plaintiff is proceeding pro se in this case and "[a] pro se litigant's pleadings are to be construed

---

[5] ECF No. 7, Memorandum Decision.

[6] ECF No. 8, Amended Complaint; ECF No. 10, Summons; ECF No. 12, Summons; ECF No. 14, Summons.

[7] ECF No. 19, Defendant's Motion to Dismiss Amended Complaint.

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[9] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[10] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[12] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[13]

## ANALYSIS

As an initial matter, the court notes Plaintiff failed to respond to Defendant's Motion to Dismiss. Defendant submitted the Motion on October 6, 2025.[14] Pursuant to Local Rule 7-1(a)(4)(A)(iii), Plaintiff had until November 3, 2025, to file a response.[15] To date, however, no response has been submitted and the time to respond has passed. Based upon that failure alone, the court recommends that Intermountain Healthcare's Motion to Dismiss be granted.[16] Yet, even putting Mr. Nelson's failure to respond aside, after considering the merits of Defendant's motion the court further recommends dismissal.

Mr. Nelson's amended complaint fails to allege he has met the prelitigation requirements enumerated in Utah's Malpractice Act, or that he has obtained a certificate of compliance with prelitigation requirements from the Division of Occupational and Professional Licenses ("DOPL").[17] Under Utah law, both must be completed before a Plaintiff may proceed with a

---

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id*.

[13] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[14] ECF No. 19.

[15] DUCivR 7-1(a)(4)(A)(iii).

[16] *See* DUCivR 7-1(f) (other than summary judgment, "failure to respond timely to a motion may result in the court's granting the motion without further notice.").

[17] Utah Code Ann. § 78B-3-412(a); Utah Code Ann. 78B-3-412(1)(b); *see also Coroles v. State,* 2015 UT

medical malpractice claim in federal court.[18] In his pleading, Mr. Nelson raises state law claims for medical malpractice, but does not assert any facts demonstrating compliance with Utah's Malpractice Act. As a result Plaintiff's amended complaint fails to state a claim for which relief can be granted and should be dismissed.

## RECOMMENDATION

For the reasons outlined above, the court hereby RECOMMENDS that Mr. Nelson's amended complaint be DISMISSED without prejudice and his Motion for Leave to Proceed In Forma Pauperis be DENIED.[19]

Consistent therewith, the Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object.[20] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

---

48, ¶ 9, 349 P.3d 739.

[18] *Carter v. Milford Valley Memorial Hospital,* 2000 UT App 21, ¶ 13, 996 P.2d 1076, 1079.

[19] ECF No. 19; ECF No. 2.

[20] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

DATED this 12th day of November 2025.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court